IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Calvin Harris,                   Case No. 3:10CV856

       Plaintiff

v.                                   ORDER

Rieter Automotive N. Am., Inc.,

       Defendant

This is an employment discrimination case in which the defendant Rieter Automotive North America, Inc. (Rieter) has filed a motion for summary judgment as to plaintiff's sole remaining claim of hostile work environment. [Doc. 14]. For the reasons that follow, the motion shall be granted.

Plaintiff worked as a general factory worker for the defendant from June 19, 2008, until December 8, 2008. Rieter contends that it fired the plaintiff for leaving the plant without authorization. In his complaint, plaintiff claimed his firing was based on: 1) retaliation in violation of Ohio public policy for having "whistle blown" the company to OSHA;[1] and 2) the existence of

---

[1] Defendant filed a motion for judgment on the pleadings as to plaintiff's public policy claim. [Doc. 10]. Plaintiff did not oppose that motion, which I granted for want of opposition. [Doc. 17]. In his opposition to the pending motion for summary judgment, plaintiff acknowledges, *vis-a-vis* a whistleblower claim under O.R.C. § 4113.52 that he cannot prevail on any such claim due to untimeliness. [Doc. 19, at 5]. Thus, all that remains is his hostile work environment claim.

a hostile work environment including use of racial epithets by co-workers and an incident of aggressiveness by a supervisor toward the plaintiff.[2]

On the basis of both the affidavits[3] from three co-workers plaintiff offers in opposition and plaintiff's own allegations, it appears that plaintiff's claim of a hostile work environment arises from an incident in which the plaintiff overheard other employees referring to him as a "Nigger," other unspecified instances of other workers using that term, and a verbal altercation between plaintiff and a supervisor.

The plaintiff does not claim that the altercation with the supervisor resulted from either racial or gender bias.

Plaintiff complained to Rieter about the overheard conversation and encounter with his supervisor. The defendant contends, and plaintiff's opposition does not dispute, that the defendant thoroughly investigated those complaints and concluded they were unfounded.

To prevail on a claim of hostile work environment, plaintiffs must show harassing behavior "sufficiently severe or pervasive to alter the conditions of [their] employment." *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986) (internal quotation marks omitted). Sporadic and isolated statements manifesting racial animus, such as plaintiff alleges here, do not give rise to a claim of hostile work environment. *See, e.g., Grace v. USCAR & Bartech Technical Serv., LLC*, 521

---

[2] Plaintiff's opposition to the motion for summary judgment alludes obliquely to his termination as having been on the basis of his race and sexual orientation. [Doc. 23, at 6-7]. His complaint does not assert a disparate treatment claim. In any event, he has not produced admissible evidence sufficient to state a *prima facie* claim of disparate treatment under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[3] Allegations in the affidavits of disparate treatment are inadmissible due to want of personal knowledge.

2

F.3d 655, 679 (6th Cir. 2008) ("[T]he occasional comments, which may have been 'offensive utterances,' do not rise to the level required by the Supreme Court's definition of a hostile work environment[.]"); *Clark v. United Parcel Serv., Inc.*, 400 F.3d 341, 352 (6th Cir. 2005) (finding that the plaintiff had not made a prima facie showing of hostile work environment when she "depict[ed] isolated instances rather than an ongoing situation.").[4]

Plaintiff's sparse evidence of race-based hostility in the workplace is not sufficient to overcome defendant's motion for summary judgment. It is, therefore,

ORDERED THAT defendant's motion for summary judgment [Doc. 15] be, and the same hereby is granted.

So ordered.

/s/ James G. Carr
Sr. United States District Judge

---

[4] To the extent plaintiff claims a hostile work environment existed due to his sexual orientation, such claim fails for two reasons. First, he has produced no evidence of any such animus on the part of his coworkers. Second, the law does not protect against harassment based on sexual orientation. *Vickers v. Fairfield Medical Ctr.*, 453 F.3d 757, 752 (6th Cir. 2006) ("[S]exual orientation is not a prohibited basis for discriminatory acts under Title VII."). To the extent plaintiff claims (albeit in his brief, but not his complaint) that his sexual orientation motivated his discharge, he has failed to refute the defendant's evidence that those responsible for firing him did not know when they made that decision that plaintiff was homosexual.